

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 28, 1976

The Honorable Henry Wade
Criminal District Attorney
Dallas Government Center
Dallas, Texas   75202

Opinion No. H-882

Re:  Whether the housing
authority may finance a
housing project by means
of a deed of trust note
bearing interest in excess
of 8% per annum.

Dear Mr. Wade:

You ask whether the Housing Authority of the City of
Dallas, created pursuant to the Housing Authorities Law,
article 1269k, V.T.C.S., may finance a housing project by
means of a deed of trust note bearing interest in excess of
8% per annum.  The Housing Authority proposes to finance
the construction loan and the permanent mortgage loan with
the assistance of mortgage insurance issued by the Secretary
of Housing and Urban Development (hereinafter HUD/FHA),
acting by and through the Federal Housing Commission pursuant
to section 231 of the National Housing Act (codified at 12
U.S.C.A. 1715v [Supp. 1976]).  The current permissible
interest rate for HUD/FHA insured mortgage loans under
section 231 is 9% per annum.  The note would be repaid out
of revenue generated from the project and housing assistance
payments from HUD/FHA.  There would be no bond underwriting
or sale in this transaction.

Section 3 of article 1269k defines bond as follows:

> [U]nless a different meaning clearly
> appears from the context . . .
>
> (k) 'Bonds' shall mean any bonds,
> notes, interim certificates, debentures,
> or other obligations issued by the
> authority pursuant to this Act.

Section 15, as amended by Acts 1971, 62nd Leg., ch. 416, p. 1555, provides for the sale of bonds:

> Bonds of an authority shall be authorized by its resolution and may be issued in one or more series and shall bear such date or dates, mature at such time or times, bear interest at such rate or rates, not exceeding eight (8) per centum per annum, be in such denomination or denominations, be in such form, either coupon or registered, carry such conversion or registration privileges, have such rank or priority, be executed in such manner, be payable in such medium of payment, at such place or places, and be subject to such terms of redemption (with or without premium) as such resolution, its trust indenture or mortgage may provide.
>
> The bonds may be sold at not less than par at public sale held after notice published once at least five (5) days prior to such sale in a newspaper having a general circulation in the city or the county and in a financial newspaper published in the City of New York, New York, provided, however, that such bonds may be sold at not less than par to the Federal Government at private sale without any public advertisement. . . .

The "bonds" governed by section 15 do not include every kind of obligation listed in the section 3 definition. A different meaning appears from the context of section 15, which refers to par value instruments issued in such numbers that a public sale is the usual method of distributing them. We believe that section 15, with its 8% interest ceiling would be held not to apply to the note proposed in this financing scheme.

Moreover, section 21 gives the housing authority additional powers to exercise to the end of securing federal assistance:

> In addition to the powers conferred upon
> an authority by other provisions of this
> Act, an authority is empowered to borrow
> money or accept grants or other financial
> assistance from the Federal Government for
> or in aid of any housing project within its
> area of operation, to take over or lease or
> manage any housing project or undertaking
> constructed or owned by the Federal Govern-
> ment, and to these ends, to comply with
> such conditions and enter into such mortgages,
> trust indentures, leases, or agreements as
> may be necessary, convenient or desirable.
> It is the purpose and intent of this Act
> to authorize every authority to do any and
> all things necessary or desirable to secure
> the financial aid or cooperation of the
> Federal Government in the undertaking,
> construction, maintenance, or operation of
> any housing project by such authority.

This section does not limit the interest that may be paid as
a condition to securing federal assistance and it expresses
the intent to authorize compliance with such conditions. This
expression of intent further supports our conclusion that
section 15 does not apply to the proposed note, which the
housing authority wishes to execute as a condition to securing
federal assistance in the form of HUD/FHA mortgage insurance.

### S U M M A R Y

> The Housing Authority of the City of Dallas
> may finance a project with a note bearing
> interest in excess of 8% per annum.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb